IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

J D BLAIR                                                                                        PETITIONER
Reg. #41011-044

V.                                    NO. 2:15CV00061-DPM-JTR

C V RIVERA, Warden                                                                  RESPONDENT
FCI-Forrest City

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Proposed Findings and Recommended Disposition ("Recommendation") have been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Background

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by J.D. Blair ("Blair"), an inmate in the Federal Correctional Institution in Forrest City, Arkansas. *Doc. 1*. Before addressing the merits of Blair's habeas

claims, the Court will review the relevant procedural history of the state and federal proceedings that give rise to his argument that the federal sentencing court and the Bureau of Prisons ("BOP") committed errors in imposing and calculating his sentence.

On January 2, 2013, state authorities in Missouri arrested Blair and charged him with: (1) possession of marijuana, in Wright County Circuit Court Case No. 12WR-CR00258-1; and (2) domestic assault second degree, in Wright County Circuit Court Case No. 13WR-CR00097. *Doc. 7-1 at 3, 31*.

On April 4, 2013, Blair was sentenced to two concurrent five-year terms in the Missouri Department of Corrections. *Id. at 3, 29-31*. The State of Missouri credited Blair's state sentences with ninety-three days of prior custody credit, for the period of January 2, 2013 through April 4, 2013. *Id. at 4, 31, 33*.

On September 19, 2013, while Blair was incarcerated in a Missouri state prison serving his state sentences, a federal grand jury, in the Eastern District of Missouri, returned an indictment charging him with: (1) conspiracy to distribute a controlled substance (methamphetamine); and (2) conspiracy to commit money laundering. *United States v. Blair*, E.D. Mo. Case No. 4:13CR00375-ERW-12, *at doc. 2*.

On October 17, 2013, the United States Marshals Service ("USMS") used a a writ of habeas corpus *ad prosequendum* to obtain custody over Blair and transport him to the United States District Court for the Eastern District of Missouri for his plea and

arraignment later that same day. *United States v. Blair, supra at docs. 54, 117; Doc. 7-1 at 4, 48*. Thereafter, he was held in federal custody, pursuant to the writ, awaiting his federal trial and sentencing. *Doc. 7-1 at 48*.

On April 3, 2014, Blair entered a guilty plea to the two federal charges. *United States v. Blair, supra at doc. 304*. On June 25, 2014, Blair was sentenced on the federal charges to two concurrent terms of fifty-seven months in the BOP, to "run concurrently with the balance of the sentences the defendant is serving under Docket Nos. 12WR-CR00258-01 and 13WR-CR00097, from the Circuit Court of Wright County, Missouri." *Id. at doc. 475*; *Doc. 7-1 at 50-56*.[1]

On July 2, 2014, the USMS returned Blair to the custody of the State of Missouri. *Doc. 7-1 at 5, 48*.

On January 6, 2015, the State of Missouri paroled Blair and released him to the USMS for service of the balance of his federal sentences. *Id. at 5, 58*.

On February 11, 2015, Blair was designated to his assigned BOP facility. *Id. at 5, 27*. Consistent with the federal sentencing court's imposition of Blair's two concurrent fifty-seven month sentences, which were also to run concurrently with his Missouri state sentences, the BOP: (1) commenced the federal sentences on June 25,

---

[1] Blair did not appeal his federal convictions or sentences, nor did he file a motion to vacate, set aside or correct his sentences under 28 U.S.C. § 2255. *Doc. 7-1 at 44-45; see Doc. 1 at 4*.

2014, the date they were imposed; and (2) designated the Missouri Department of Corrections as the facility where he began serving his federal sentences, as of June 25, 2014. *Doc. 7-1 at 5, 61, 64.* The BOP also determined that Blair was entitled to: (1) ninety-two days of "*Willis* credit"[2] from January 2, 2013 (date of arrest) through April 3, 2013 (day before his state sentences commenced); and (2) two days of prior custody credit (May 16-17, 2012), that the State of Missouri had failed to credit on his state sentences. *Id. at 5-6, 66-67.* As a result, the BOP calculated Blair's "full term [expiration] date" to be December 20, 2018, and his "projected satisfaction date," with good-time credits, to be May 11, 2018. *Id. at 60-61*.

On April 20, 2015, Blair filed this federal § 2241 action. *Doc. 1*. In his Petition, he argues that:

> (1)  The federal sentencing court erred in failing to give him a "mandatory" downward adjustment to his federal sentences, pursuant to USSG § 5G1.3(b)(1),[3] for the entire time he spent in state custody, from January 2,

---

[2]In accordance with *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), when an inmate is serving concurrent federal and state terms, with a state full-term date that is equal to or less than the federal full-term date, an inmate is entitled to receive credit toward his federal sentence for all pre-sentence, non-federal custody that occurs on or after the date of the federal offense until the date that the first sentence (state or federal) begins. *Doc. 7-1 at 5-6*; *see* BOP Program Statement 5880.28, p. 1-22 (July 20, 1999) (recognizing *Willis* exception).

[3]In pertinent part, this provision states the following:

> (b)  If ... a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:

-4-

2013 through June 24, 2014; and

      (2)    The BOP failed to "correct" the sentencing court's error and "confused the issue" by crediting his federal sentence with only some of the days at issue (January 2, 2013 through April 4, 2013).

According to Blair, he is entitled to an additional sentencing credit for the period from April 4, 2013 to June 24, 2014.

## II. Discussion

### A.    Blair's Claim of Sentencing Court Error

A challenge to the lawfulness of a federal conviction and sentence generally must be made in § 2255 motion filed with the sentencing court. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *see* 28 U.S.C. § 2255(a) (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir.

---

      **(1)**    **the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons;** and

      (2)    the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

USSG § 5G1.3(b) (emphasis added).

1983).

A federal court in the district of incarceration can entertain a 28 U.S.C. § 2241 habeas petition challenging the validity of a conviction or sentence only if "*it also appears that the remedy by [§ 2255] motion [to the sentencing court] is inadequate or ineffective to test the legality of his detention.*" § 2255(e) (emphasis added). A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Lopez-Lopez*, 590 F.3d at 907. The Eighth Circuit has made it clear that the "inadequate or ineffective remedy" exception is a "narrowly-circumscribed 'safety valve.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002).

While Blair currently is incarcerated in a BOP facility located in the Eastern District of Arkansas, his § 2241 claim that the sentencing court failed to "adjust" his sentence under USSG § 5G1.3(b)(1) clearly challenges the *validity* of the sentence imposed by the United States District Court in the Eastern District of Missouri. *See Gravitt v. Veach*, 229 F. App'x 417, 418-19 (7th Cir. 2007) (inmate's contention that the sentencing court "misapplied" § 5G1.3 "attacks the imposition, not the execution, of his federal sentence" and must be brought under § 2255 or on direct appeal); *Savage v. Zickefoose*, 446 F. App'x 524, 525-26 (3d Cir. 2011) (inmate must proceed under § 2255, not § 2241, with claims that the sentencing court should have imposed

concurrent terms under USSG § 5G1.3(b)).

As previously noted, Blair did *not* appeal his federal sentence or file a § 2255 motion in the sentencing court. While filing such a motion now may be deemed "untimely," this does *not* render that remedy "inadequate" or "ineffective" sufficient to allow Blair to utilize § 2241 to challenge his sentences.[4] *Hill*, 349 F.3d at 1091 (to establish inadequacy or ineffectiveness, a prisoner must demonstrate "more than a procedural barrier to bringing a § 2255 petition," such as "allow[ing] the one year statute of limitations ... to expire). Thus, Blair has failed to demonstrate the inadequacy and ineffectiveness of his § 2255 remedies in the sentencing court.

Because this Court lacks subject matter jurisdiction over Blair's first habeas claim, it should be dismissed without prejudice. *See Hill*, 349 F.3d at 1091-93; *DeSimone*, 805 F.2d at 323-24.

### B. Blair's Claim that the BOP Improperly Calculated His Sentencing Credits

After a federal defendant has begun serving his sentence, the BOP is

---

[4]Specifically, the § 2255 remedy is not inadequate or ineffective merely because: (1) the claim already has been raised and rejected in a § 2255 proceeding; (2) the sentencing court failed to fully or adequately address a § 2255 claim; (3) the petitioner has been denied permission to file a second or successive § 2255 motion; or (4) a § 2255 motion would be barred as successive or untimely. *Lopez-Lopez,* 590 F.3d at 907; *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); *see* § 2255(f) (federal defendant generally has one year from "the date on which [his] judgment of conviction becomes final" to file a § 2255 motion); § 2255(h) (setting forth restrictions on successive § 2255 motions).

responsible for computing any credit for prior custody. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006). Under the BOP's administrative review program, prisoners are allowed to challenge the BOP's computation of their credits.[5] *Id.* *"[A]fter properly exhausting these administrative remedies,"* an inmate may seek judicial review of the BOP's computation through a § 2241 habeas petition.[6] *Id.* (emphasis added); *see also Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (dismissing prisoner's § 2241 challenge to execution of his federal sentence because he "failed to exhaust his administrative remedies within the [BOP]").

Respondent has attached documents to his Response which establish that Blair has never filed any administrative remedies while in the BOP or otherwise sought to use the BOP's administrative review program to challenge the BOP's computation of his prior credits. *Doc. 7-1 at 7, 69*.

---

[5]The BOP administrative remedy program is a tiered process which allows a federal prisoner to seek "review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). An inmate must initially attempt to resolve the issue informally with institutional staff. *Id.* § 542.13(a). If no resolution is reached, the inmate must submit a formal written administrative remedy request (BP-9), to which the warden must respond within twenty calendar days. *Id.* §§ 542.14(a), 542.18. If dissatisfied with the warden's response, the inmate may appeal (BP-10) to the appropriate Regional Director, who must respond within thirty calendar days. *Id.* §§ 542.15(a), 542.18. If still dissatisfied, the inmate may take a final appeal (BP-11) to the Office of General Counsel, who must respond within forty calendar days. *Id.*

[6]Administrative exhaustion promotes four objectives: "(1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level." *Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976).

Accordingly, the Court recommends that Blair's claim that the BOP erred in computing his sentencing credits be denied, without prejudice. This will preserve Blair's right to refile this § 2241 claim, if necessary, *after* he has exhausted the BOP's administrative remedies for challenging its calculation of his prior custody credits.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, *Doc. 1*, be DENIED, and the case be dismissed, without prejudice.

DATED this 20th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE